BANK OF GALESBURG, Galesburg, Illinois, Administrator of the Estate of Nellie L. Freeburg, Deceased, Appellant,

v.

Raymond M. LAWRENSON, Jr., Administrator, d.b.n., c.t.a., of the Estate of Sophronia Waters, Deceased,

and

Victoria John Waters, Executrix of the Estate of Archibald O. Waters, Deceased, Appellees.

No. 13300.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 29, 1956.

Decided Dec. 20, 1956.

Mr. Charles R. Cutler, Washington, D. C., with whom Mr. R. Russell Eagan, Washington, D. C., was on the brief, for appellant.

Mr. James A. Crooks, Washington, D. C., with whom Mr. James A. Willey, Washington, D. C., was on the brief, for appellee Victoria John Waters.

Messrs. William R. Lichtenberg and Joseph Luria, Washington, D. C., were on the brief for appellee Raymond M. Lawrenson, Jr.

Before BAZELON, FAHY and BURGER, Circuit Judges.

BURGER, Circuit Judge.

The will of Sophronia Waters made two provisions which are pertinent here. In Article Second she provided:

> " * * * I give and bequeath to my niece, MRS. NELLIE L. FREEBURG of 3115 Mt. Pleasant Street, North West, Washington, D. C., *all of my furniture and all of the other contents that shall be in my home at the time of my death; also all of my jewelry, clothing and all other personal property* of any nature, except money, which may belong to me at the time of my death." [Emphasis supplied.]

In Article Fourth she provided:

> "All of the rest, residue and remainder of my estate, real, personal and mixed, of whatever nature and wheresoever situate, which at the time of my death shall belong to me, or shall be subject to my disposal by will, I give, devise and bequeath to my brother, ARCHIBALD O. WATERS of 355 Carlton Avenue, Borough of Brooklyn, City and State of New York, to have and to hold unto himself, his heirs, executors, administrators, and assigns forever.

> "In the event, however, that my said brother, ARCHIBALD O. WATERS, shall not survive me, or in the event that my said brother shall die in the course of, or as the direct result of the same accident, epidemic or other calamity as shall cause my death, or if for any other reason my said brother, ARCHIBALD O. WA-

TERS, cannot personally take my aforesaid residuary estate, then and in that event, I give, devise and bequeath my aforesaid residuary estate to my niece, MRS. NELLIE L. FREEBURG, mentioned in Paragraph 'SECOND' of this my Will, to have and to hold unto herself, her heirs, and assigns forever. In other words, I direct that in the event of the prior decease of my brother, ARCHIBALD O. WATERS, my residuary estate shall go to my niece, MRS. NELLIE L. FREEBURG, and not to any other heirs or next of kin of my said brother, ARCHIBALD O. WATERS."

In due course, Nellie Freeburg, the niece, received furniture, clothing and other personal effects, and Archibald O. Waters, the brother, received cash which constituted the residue. The testatrix, at the time of her death in 1943, had a vested remainder in an undivided ⅟₁₃th of the estate of an uncle, Gabriel Edmonston (who died in 1918), subject to a life estate in Edmonston's widow who survived until 1954. The probate proceedings pursuant to Sophronia Waters' will made no disposition of this remainder interest and in 1954 her estate was reopened to deal with this accretion. Both Nellie Freeburg and Archibald O. Waters survived Sophronia Waters, but died prior to Roberta Edmonston, widow and life tenant of Gabriel Edmonston.

Nellie Freeburg's estate claimed the Edmonston remainder (1) under Article Second, contending the remainder interest was personalty within the dispositive provision "all other personal property of any nature, except money," and (2) to the extent the court denied the above contention, under Article Fourth, claiming that in order for Archibald to "personally take," his remainder interest had to vest in possession, in the absence of which the limitation over in favor of Nellie Freeburg took effect.

Archibald O. Waters' estate claimed the Edmonston remainder as passing under the residuary clause (Article Fourth), arguing (1) the term "personal property" in Article Second, as construed in the composite testamentary scheme meant *tangible* personal property only, and (2) the remainder interest vested indefeasibly in Waters when he survived testatrix, i. e., upon the date of testatrix' death.

The will shows a pattern of disposition of tangible personal property to the niece Nellie Freeburg, the tangibles mentioned being "furniture," "other contents" of the home, "jewelry," "clothing," "and all other personal property of any nature, except money." The residuary clause was the vehicle, as is usual, of provisions for a closer relative, the brother, Archibald O. Waters. It describes in conventional language "the rest, residue and remainder of my estate, real, personal and mixed," etc. Taking into consideration the entire testamentary plan as well as the language, we think the district court correctly held that Article Second disposed of tangible personal property to the niece and that intangibles, such as the remainder interest, were intended to pass under the residuary clause.

That brings us to consideration of appellant's second point. There can be no doubt that under Article Fourth Archibald O. Waters took a remainder vested in interest.[1]

The question is whether the remainder vested indefeasibly upon Archibald surviving the testatrix, or whether the limitation over necessitated a vesting in possession; i. e., Archibald surviving the intervening life estate created by the Edmonston will. Whatever the result might be in the absence of a clear testamentary intent, it is evident that testatrix intended her brother to be the sole residuary legatee unless he failed to survive her. The use of the words "personally take," when viewed in context,[2] rein-

1. See D.C.Code § 45–812 (1951 ed.); 2 Simes & Smith, Future Interests § 576 (1956 ed.).

2. "In the event * * * my said brother * * * shall not survive me, or * * * shall die in the course of, or as

forces the conclusion that the remainder was to vest in the niece only upon Archibald predeceasing the testatrix.

Finding no error, the judgment of the district court is

Affirmed.

the direct result of the same accident, epidemic or other calamity as shall cause my death, or if for any other reason * * * cannot personally take * * * In other words, I direct that in the event of the prior decease of my broth-

er * * * my residuary estate shall go to my niece * * * and not to any other heirs or next of kin of my said brother * * *" See D.C.Code § 19–110 (1951 ed.)